UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD O. PENNINGTON, JR.,

    Plaintiff,

v.                                                              Case No. 3:17cv403-CJK

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.
_____/

## MEMORANDUM ORDER

    This case is before the court pursuant to 42 U.S.C. § 405(g) for review of the final determination of the Commissioner of Social Security ("Commissioner") denying Ronald Pennington Jr.'s applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-34, and Supplemental Security Income ("SSI") under Title XVI, 42 U.S.C. §§ 1381-33. The parties consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 for all proceedings in this case, including entry of final judgment. Upon *de novo* review of the record before the court, I conclude the Commissioner did not err by declining to remand Pennington's case to the ALJ after the Appeals Council received Dr. Groom's evaluation. The decision

of the Commissioner, therefore, will be affirmed and the applications for DIB and SSI denied.

## ISSUE ON REVIEW

Mr. Pennington, who will be referred to as claimant, plaintiff, or by name, claims the Appeals Council erred by failing to remand the case to the ALJ for consideration of new and material evidence. (Doc. 9).

## PROCEDURAL HISTORY

On June 4, 2014, plaintiff protectively filed applications for DIB and SSI, claiming disability beginning January 1, 2007, due to "head injury/headaches," "learning/can't stay focused," and asthma. T. 73, 83.[1] The Commissioner denied the applications initially and on reconsideration. T. 93-94, 116-17. After a hearing on February 23, 2016, the ALJ found claimant not disabled under the Act. T. 26-34, 40. Claimant requested review by the Appeals Council and submitted additional medical evidence. T. 1-4. The Appeals Council denied the request for further review on May 24, 2017, and, as a result, the ALJ's decision became the final determination of the Commissioner. T. 1-4. The Commissioner's determination is now before the court for review.

---

[1] The administrative record filed by the Commissioner consists of 9 volumes (docs. 7-2 through 7-10) and has 493 consecutively-numbered pages. References to the record will be by "T.," for transcript, followed by the page number.

## FINDINGS OF THE ALJ

In his written decision, the ALJ made several findings relative to the issues raised in this appeal:

- Claimant meets the insured status requirements of the Act through June 30, 2013. T. 28.

- Claimant has not engaged in substantial gainful activity since January 1, 2007, the alleged onset date. T. 28.

- Claimant has one severe impairment, asthma. T. 28.

- Claimant has the residual functional capacity ("RFC") to perform a reduced range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). Claimant can lift/carry 10 pounds frequently and 20 pounds occasionally; sit for a total of about 6 hours in an 8-hour workday; stand/walk for a total of about 6 hours in an 8-hour workday; should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc.; and avoid concentrated exposure to hazards (machinery, heights, etc.). T. 30.

- Claimant is capable of performing past relevant work as a security guard. Alternatively, he is capable of performing work as a silver wrapper, electrical assembler, and merchandise marker. T. 32-33.

- Claimant has not been under a disability, as defined in the Act, from January 1, 2007, through May 26, 2016. T. 33.

## STANDARD OF REVIEW

"[A] court may review, under sentence four of section 405(g), a denial of review by the Appeals Council. When no new evidence is presented to the Appeals Council and it denies review, then the [ALJ's] decision is necessarily reviewed as the final decision of the Commissioner, but when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007). "[T]he Appeals Council 'must consider new, material, and chronologically relevant evidence' that the claimant submits." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (*quoting Ingram*, 496 F.3d at 1261). "[U]nder the [Social Security] regulations, whether evidence [submitted to the Appeals Council] meets the new, material, and chronologically relevant standard 'is a question of law subject to . . . *de novo* review.'" *Id.* at 1321 (*quoting Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003)).

## FACT BACKGROUND AND MEDICAL HISTORY

At the hearing before the ALJ, Mr. Pennington testified about his health, daily activities, and work history. He has an 11th-grade education and is married with 2 children. T. 44. He can read and write. T. 45. Due to breathing problems, he stopped working full-time in landscaping in August 2006. T. 45-46. He believes he

is disabled due to the breathing problems and headaches. T. 46. The headaches occur 35 to 40 times a month, and usually last from 3 to 4 hours. T. 48. When the headaches begin, plaintiff stops what he is doing and lays down. T. 48-49. Medication offers only partial relief. T. 50.

Claimant can bathe and dress himself, as well as shop for groceries, cook, and perform chores. T. 50. He experiences frustration related to his inability to complete tasks. T. 55. Due to difficulties with concentration, he can only read a newspaper for 10 minutes before needing a break. T. 55.

In September 1990, at age 16, plaintiff suffered a brain injury in a four-wheeler accident. T. 43, 56. He remained in a coma for over 2 weeks and underwent about a year of rehabilitation. T. 56. After the accident, plaintiff says mentally "everything wasn't quite as sharp as it was before." T. 56-57. At the hearing, plaintiff denied experiencing memory problems or problems with math and reading. T. 57.

The ALJ issued the decision denying benefits on May 26, 2016. T. 34. On June 10, 2016, Kevin Groom, Ph.D., conducted a neuropsychological evaluation of claimant. T. 19-21. Mr. Pennington reported the details of the four-wheeler accident and his recovery. T. 19. At the time of the evaluation, plaintiff was participating in vocational rehabilitation due to problems running his landscaping business. T. 19. The business included "irrigation and landscaping jobs but as the jobs became bigger

and more complex, [plaintiff] could not manage the financial aspects of the business." T. 19. A mental status examination revealed claimant was "disoriented to the exact date but oriented in all other spheres." T. 20. Intelligence testing showed a verbal comprehension score of 76, a perceptual reasoning score of 71, a working memory score of 63, a processing speed score of 71, and a full-scale IQ of 65. T. 21. The results placed claimant in "the mild range of intellectual disability." T. 21.

Mr. Pennington asked the Appeals Council to review the ALJ's May 26, 2016, decision and submitted Dr. Groom's June 10, 2016, evaluation to support the request. T. 14-16, 19-21, 189-90. The Appeals Council denied the request for review on May 24, 2017; it concluded the evaluation did "not relate to the period at issue" and did "not affect the decision about whether [claimant was] disabled beginning on or before May 26, 2016." T. 1-2.

## ANALYSIS

"With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process." *Ingram*, 496 F.3d at 1261; *see also* 20 C.F.R. §§ 404.900(b), 416.1400(b). "If a claimant presents evidence after the ALJ's decision, the Appeals Council must consider it if it is new, material, and chronologically relevant." *Hargress v. Soc. Sec. Admin., Comm'r*, 874 F.3d 1284, 1290 (11th Cir. 2017) (citations omitted). "Evidence is material if a reasonable possibility exists that the evidence would change the administrative result." *Id.* at

1290-91. "New evidence is chronologically relevant if it relates to the period on or before the date of the [ALJ's] hearing decision." *Id.* at 1291 (quotation omitted). "The Appeals Council must grant the petition for review if the ALJ's 'action, findings, or conclusion is contrary to the weight of the evidence,' including the new evidence." *Id.* (*quoting Ingram*, 496 F.3d at 1261).

Mr. Pennington says Dr. Groom's evaluation is chronologically relevant because the cognitive limitations identified by the evaluation create "a rebuttable presumption that those limitations arose before age 22." (Doc. 9, p. 8) (*citing Talavera v. Astrue*, 697 F.3d 145 (2d Cir. 2012)). The Commissioner disagrees, claiming the evaluation is not chronologically relevant because Dr. Groom did not review plaintiff's past medical records and the evaluation shows plaintiff's condition worsened after the ALJ's decision.

The Commissioner correctly notes Dr. Groom's evaluation advances certain findings that appear nowhere in the medical evidence presented to the ALJ. For example, the evidence predating the ALJ's decision indicates claimant was cooperative and oriented to person, place, and time. T. 329, 335-36, 374. Dr. Groom, however, noted claimant was "disoriented to the exact date" and plaintiff reported experiencing "some problems with having a short temper." T. 19-20. Furthermore, the evaluation does not indicate Dr. Groom reviewed any of plaintiff's medical records. Dr. Groom also stated he "was unable to speak to any of

[claimant's] family members who may have known the course of [claimant's] rehabilitation and describe the changes in personality and cognitive abilities." T. 21.

While the argument that plaintiff's condition worsened is not entirely persuasive, the Commissioner does distinguish plaintiff's case from cases where evidence submitted to the Appeals Council was found to be chronologically relevant. *Cf. Washington*, 806 F.3d at 1322 (finding opinion of doctor who examined claimant after ALJ's decision chronologically relevant when claimant told doctor he experienced the same symptoms throughout life, doctor reviewed medical records predating ALJ's decision that documented those symptoms, and there was no assertion or evidence claimant's cognitive skills declined after the ALJ's decision); *see also Stone v. Soc. Sec. Admin.*, 658 F. App'x 551, 553-54 (11th Cir. 2016) (finding additional evidence was not chronologically relevant when nothing indicated medical provider reviewed past medical records and evidence demonstrated a worsening of symptoms after the ALJ's decision).

Nevertheless, even assuming the evaluation is chronologically relevant, plaintiff has not shown it is material—i.e., a reasonable possibility exists that the evidence would change the ALJ's decision. In his decision, the ALJ stated:

> The claimant alleges residuals from closed head injury [resulting] from an accident in September 1990. Although the evidence in the 1990's document some cognitive deficits related to the accident, there are no objective findings of a brain disorder or medically assigned limitations due to such condition that is based on objective evidence of record.

> Accordingly, the evidence does not establish disability based on a closed head injury, on or before June 30, 2013, as a severe impairment.

T. 32 (internal citations omitted). Plaintiff suggests Dr. Groom's evaluation provides the objective evidence of a brain disorder the ALJ noted was lacking.

Contrary to Mr. Pennington's claim, Dr. Groom's evaluation does not contradict the ALJ's conclusions regarding plaintiff's RFC and ability to work. First, claimant has not articulated how the evaluation undermines the ALJ's determination claimant could perform his past relevant work as a security guard.[2] Although Dr. Groom diagnosed major neurocognitive disorder and testing yielded results suggesting mild intellectual disability, these findings do not necessarily correspond to any work-related mental limitations. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) ("[T]he mere existence of these impairments does not reveal the extent to which they limit [the] ability to work or undermine the ALJ's determination in that regard."). Moreover, plaintiff's implicit claim that these limitations are longstanding undermines his position, as set out below.

Assuming the cognitive limitations were present since before plaintiff turned 22, the record shows after reaching that age he was able to work full-time as a

---

[2] Plaintiff does not contend the ALJ's decision—based on the record before the ALJ as of May 26, 2016—was unsupported by substantial evidence. That argument is deemed abandoned. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

security guard and manage a landscaping business. T. 45-46, 215. Claimant does not argue, or identify medical evidence suggesting, he experienced a decline in mental functioning during, or subsequent to, the period he was able to perform these jobs. Claimant's ability to perform these tasks despite any cognitive limitations supports the ALJ's determination that claimant was not disabled.

Furthermore, Dr. Groom did not indicate Mr. Pennington was incapable of working. Dr. Groom stated:

> Despite all of his limitations, he has shown capability of operating a small business for several years. Ultimately management of the business became too complex. I do think that he likely took on projects that were beyond his scope to handle. If he were to try to manage [a] landscape business again, he would need to keep this very small with just a few employees and would need assistance from a small business development center. If he chooses not to try this again, he would certainly meet criteria for social security disability by virtue of his cognitive deficits.

T. 21.[3] Similarly, Dr. Groom declared, "If [plaintiff] is going to apply for work, he would likely need help with résumé building and interviewing skills. His biggest asset is his work history and practical skills." T. 21.

These statements do not suggest Dr. Groom believed claimant was incapable of performing substantial gainful activity. Read in the light most favorable to plaintiff, the statements simply reflect Dr. Groom's belief that plaintiff may struggle with the complex organizational aspects of running a small business. Nothing in Dr.

---

[3] Dr. Groom does not explain how plaintiff's cognitive deficits meet the criteria for disability.

Groom's evaluation casts doubt on the ALJ's finding that Mr. Pennington can perform the mental tasks required in semiskilled work as a security guard, or unskilled work as a silver wrapper, electrical assembler, or merchandise marker.

Plaintiff relies on *Lipscomb v. Comm'r of Soc. Sec.*, 199 F. App'x 903 (11th Cir. 2006) to argue remand is appropriate. *Lipscomb*, however, is distinguishable from the present case. The new evidence in *Lipscomb*, a questionnaire completed by an orthopedic surgeon after the ALJ's decision, came from a treating source; Dr. Groom, however, examined claimant on only one occasion. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (noting treating source opinions are generally given more weight than examining source opinions, because treating sources "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations"). And unlike Dr. Groom, the doctor in *Lipscomb* reviewed a variety of medical records predating the ALJ's decision and expressly "indicated that his questionnaire answers related to his perception of Lipscomb's condition as it existed prior to the ALJ's decision." *Lipscomb*, 199 F. App'x at 907. Most importantly, the ALJ in *Lipscomb* had "heavily relied" on the surgeon's previous medical reports and opinions when determining the claimant's RFC. *Id.*

Because the facts in *Lipscomb* are distinguishable from those present here, it does not support Mr. Pennington's request for remand.

In sum, plaintiff has not shown a reasonable probability Dr. Groom's evaluation would undermine the conclusion that the denial of benefits was supported by substantial evidence. *See Ingram*, 496 F.3d at 1262 ("[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous."). Because the Groom assessment would not change the ALJ's decision, the Appeals Council did not commit reversible error by denying review.

Accordingly, it is ORDERED:

1. The decision of the Commissioner is AFFIRMED and plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income are DENIED.

2. The clerk is directed to enter judgment in favor of the Commissioner and close the file.

DONE AND ORDERED this 16th day of February, 2018.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**